**STATE of Tennessee, Appellant,**

v.

**James M. BLACKBURN, Jr., Appellee.**

Supreme Court of Tennessee,
at Knoxville.

June 10, 1985.

Rehearing Denied Aug. 12, 1985.

John F. Southworth, Jr., Asst. Atty. Gen., Nashville, for appellant; William M. Leech, Jr., Atty. Gen. & Reporter, Nashville, of counsel.

William R. Heck, Chattanooga, for appellee.

## OPINION

COOPER, Chief Justice.

The issue in this case is whether the constitutional prohibitions against double jeopardy forbid imposition in a single trial of dual convictions for felony murder and the underlying felony.

In the present case, in a single trial the defendant was convicted of assault with intent to commit rape against Nancy Blackburn (not less than two nor more than two years); aggravated kidnapping of Nicky Buzzutto (20 years); aggravated kidnapping of Steven Brigham (20 years); aggravated kidnapping of Bertie Brigham (20 years); assault with intent to commit rape against Pamela Bales (not less than four nor more than ten years); and felony murder for the killing of Pamela Bales (life imprisonment). The trial judge sentenced the defendant to serve the several sentences consecutively, except for the conviction for assault with intent to commit rape against Pamela Bales, which was to be served concurrently. The Court of Criminal Appeals affirmed the convictions, except the conviction for assault with intent to commit rape of Pamela Bales, which the Court of Appeals concluded merged in the felony murder conviction, citing this court's holding in *Briggs v. State,* 573 S.W.2d 157 (Tenn.1978), hereafter referred to as *Briggs II.* The state as appellant argues that this court's holding in *Briggs II* was based upon a misreading of *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), and should now be abandoned. We agree with the state's argument and reverse the judgment of the Court of Criminal Appeals dismissing the conviction of defendant for assault with intent to commit rape against Pamela Bales.

In 1976, in *Briggs I,* (*State v. Briggs,* 533 S.W.2d 290), this court held that one who committed murder in the perpetration of a felony may be convicted for both the offense of murder in the first degree and for the named felony. In so doing the court concluded:

Nothing in the statutory definitions of murder in the first degree and of the felonies listed in T.C.A. § 39–2402(4) indicates a legislative intent that conviction and punishment for both offenses should not be permitted. Moreover, we agree with the holding in each of the cases from our sister states, *supra,* that the felony during the perpetration of which a murder is committed is neither the same offense as murder in the first degree nor a lesser offense included within that charge; hence, to permit convictions and punishments for both murder in the first degree and the other felony to stand in no way offends the constitutional protection from double jeopardy.

533 S.W.2d at 292–293.

On June 29, 1977, the United States Supreme Court rendered its opinion in *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). In *Harris* the defendant shot and killed a clerk in the course of a robbery of a grocery store. He was convicted of felony murder. Later he was brought to trial and convicted on a separate information charging robbery with firearms. The Court held this violated the Double Jeopardy Clause of the Fifth Amendment because of the prior conviction. The Court stated:

When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one. *In re Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889); *cf. Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d

187 (1977). "[A] person [who] has been tried and convicted for a crime which has various incidents included in it, ... cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense." *In re Nielsen, supra,* 131 U.S. at 188, 9 S.Ct., at 676. *See also Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); *Grafton v. United States,* 206 U.S. 333, 352, 27 S.Ct. 749, 754, 51 L.Ed. 1084 (1907).

433 U.S. at 682–683, 97 S.Ct. at 2913.

Shortly after the *Harris* case was reported, the *Briggs* case came before this court a second time. In *Briggs II,* without commenting on the fact that *Harris* involved successive prosecutions, this court concluded that *Harris* required a reversal of Briggs' conviction to the extent of the conviction for the underlying felony.

Since *Harris v. Oklahoma, supra,* the United States Supreme Court has discussed multiple punishments and double jeopardy in several cases. *See Ohio v. Johnson,* — U.S. —, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984); *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Basically, that Court has concluded that "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter, supra,* 103 S.Ct. at 678. In *Missouri v. Hunter, supra,* the Court reviewed and discussed its holdings in *Whalen* and *Albernaz, supra,* and had the following to say:

Our analysis and reasoning in *Whalen* and *Albernaz* lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative

punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.

Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

103 S.Ct. at 679.

More recently in *Ohio v. Johnson,* — U.S. —, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984), the Court reiterated its position in *Missouri v. Hunter* that it would accept a state court's determination as to whether the legislature intended cumulative punishment. It also made it clear that the "final component" of double jeopardy protection against cumulative punishments, as contrasted with that against multiple trials, is designed to insure that courts restrict themselves in sentencing to the limits established by the legislature.

 The automatic deference granted to *Harris* by *Briggs II* was not required as the subsequent decisions by the United States Supreme Court have shown. From those cases it appears that where multiple convictions for separate statutory offenses are imposed in a single trial, the key issue is whether the legislature intended cumulative punishment. In *Briggs I* this court found "neither reason nor authority for holding that one who commits murder during the perpetration of a felony named in T.C.A. § 39–2402(4) [now § 39–2–202(a)] cannot or should not be convicted and punished for both the offense of murder in the

first degree and for the named felony. Nothing in the statutory definitions of murder in the first degree and of the felonies listed in T.C.A. § 39–2402(4) indicates a legislative intent that conviction and punishment for both offenses should not be permitted." The two statutes are directed to separate evils. *See Albernaz v. United States, supra,* 450 U.S. at 343, 101 S.Ct. at 1144, wherein the Court in determining congressional intent on the issue of cumulative punishments noted that the two statutes were directed to separate evils. It is our opinion, as it was at the time *Briggs I* was decided, that the legislature intended that multiple punishments be imposed on conviction of a defendant for felony murder and for the underlying felony. Whether the sentences are to be served consecutively or concurrently, as in this case, is within the discretion of the trial judge. *See* Rule 32, Tennessee Rules of Criminal Procedure.

The judgment of the Court of Criminal Appeals dismissing defendant's conviction for assault with intent to commit rape against Pamela Bales is reversed, and the judgment of the trial court sentencing the defendant to serve not less than four nor more than 10 years for the crime is affirmed. As denoted by the trial judge, the sentence is to be served concurrently with the other sentences imposed on the defendant in the same trial.

FONES, BROCK, HARBISON and DROWOTA, JJ., concur.