**STATE of Tennessee, Appellee,**

v.

**Jacques WRIGHT, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Decided Oct. 19, 1988.

Petition to Appeal Denied by Supreme Court Jan. 3, 1989.

A.C. Wharton, Jr., Shelby County Public Defender, James H. Bostick, and Gwen Rooks, Asst. Shelby County Public Defenders, Memphis, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Janice Bossing, Asst. State Atty. Gen., Nashville, and Glenn I. Wright, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

BYERS, Judge.

The defendant was convicted of aggravated rape and sentenced to serve forty years as a Range II offender.

The defendant says the evidence is insufficient to support the verdict and says the sentence of forty years as a Range II offender is erroneous.

The judgment is affirmed.

The victim in this case testified the defendant forced her to enter a vacant building and raped her. She was twelve years of age when the rape occurred. She testified the defendant held a knife to her throat when he first accosted her.

Various other witnesses testified in the case. The most significant of these was an expert witness who examined the child and found a tear in the child's hymenal ring and a tear in the vaginal area which indicated considerable force had been used to penetrate the child.

The defendant offered no proof in the trial of this case.

The question of the sufficiency of the evidence is whether it is sufficient for a reasonable trier of fact (the jury) to find guilt beyond a reasonable doubt. The evidence of guilt in this case is overwhelming and undisputed. It obviously satisfies the sufficiency requirement for a finding of guilt. T.R.A.P., Rule 13(e).

 The defendant argues that the essential element to find him guilty of aggravated rape in this case was the fact that the child was under thirteen years of age as provided by T.C.A. § 39–2–603 and thus could not be used to enhance his punishment to Range II. T.C.A. § 39–2–603(4) declares the rape of a child under the age of thirteen years to be aggravated rape. T.C.A. § 40–35–107 declares certain specific crimes, including rape of a child under the age of thirteen years, to be an especially aggravated offense.

This Court held in *State v. Short*, 698 S.W.2d 81 (Tenn Cr.App.1985), a factor which was an essential element of the offense could not be used to enhance the punishment of a defendant from one range to another. This case was based upon the provisions of T.C.A. § 40–35–107 as it exist-ed at the time of the offense in question in that case.

T.C.A. § 40–35–107 was amended and the legislature provided that crimes occurring under subsection (1), (2), (3), and (4) of this Act could not be enhanced if the enhancement factor was an essential element of the crime. The legislature did not apply this restriction to subsection (5) in the Act which declares, among other offenses, the rape of a child under the age of thirteen to be an especially aggravated offense.

It seems clear the legislature intended to punish all cases of rape of children under age thirteen as a Range II offense. The trial court followed the mandates of the statute and if the sentence does not exceed the amount of punishment mandated by the legislature there is no constitutional infirmity in the sentence by way of double jeopardy or otherwise. *See State v. Blackburn*, 694 S.W.2d 934 (Tenn.1985).

DUNCAN, P.J., and DWYER, J., concur.