IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 23, 2003

## JOHN ROBERT TORY, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 57399     Richard Baumgartner, Judge**

_____

**No. E2003-00019-CCA-R3-PC**
**December 29, 2003**
_____

This opinion adjudicates John Robert Tory, Jr.'s appeal from the Knox County Criminal Court's denial of his 1994 petition for post-conviction relief. He filed the petition to challenge his 1992 jury convictions of first degree murder and especially aggravated robbery. Following a hearing in which counsel argued but no evidence was presented, the post-conviction court rejected the petitioner's claims that his especially aggravated robbery conviction violated double jeopardy principles, that the trial court erred in not instructing the jury as to second degree murder as a lesser included offense of first degree felony murder, and that trial counsel was ineffective in failing to demand an instruction on second degree murder as a lesser included offense. Because the record and the applicable law support the denial of post-conviction relief, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

M. Christopher Coffey, Knoxville, Tennessee, for the Appellant, John Robert Tory, Jr.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Marsha Selecman, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner received his convictions at the hands of a jury. On direct appeal, the petitioner challenged his especially aggravated robbery conviction and the imposition of consecutive sentencing, and this court affirmed that judgment. *See State v. John Robert Tory*, No. 03C01-9306-CR-00202 (Tenn. Crim. App., Knoxville, Aug. 3, 1994), *perm. app. denied* (Tenn. 1994). The convictions emanate from the 1990 robbery and murder of Michael R. White in his home in Knox County. *Id.*, slip op. at 2. The defendant was linked to the crimes by the discovery of his

fingerprints in the victim's house, the discovery of inculpative evidence in the defendant's home, and the defendant's confession to involvement in the crimes. *Id.*

The petitioner filed a post-conviction petition, and the lower court conducted a hearing at which it heard arguments of law but received no evidence. The post-conviction court rejected the petitioner's claim that double jeopardy principles precluded his convictions of both first degree felony murder and especially aggravated robbery. The court held that Tennessee law allows dual convictions of both felony murder and of the underlying felony. The post-conviction court also rejected the petitioner's trial error and ineffective assistance of counsel claims relative to the failure to instruct on second degree murder as a lesser included offense. The court determined that, at the time of the petitioner's trial, second degree murder was not a lesser included offense of first degree felony murder.

Concerning the double jeopardy claim, the issue was not raised as error in the defendant's trial and direct appeal. In fact, in his direct appeal brief, the defendant acknowledged that "Tennessee law allows convictions for both felony murder and the underlying felony." *See John Robert Tory*, slip op. at 7. Although the post-conviction court offered sound legal reasons for rejecting the petitioner's double jeopardy claim, *see generally State v. Blackburn*, 694 S.W.2d 934, 936-37 (Tenn. 1985) (double jeopardy principles do not bar prosecution for and conviction of both felony murder and underlying felony), we are constrained to affirm the ruling based upon the principle of waiver. Issues that could have been raised previously in a court of competent jurisdiction are deemed waived when they are knowingly and understandingly eschewed and then raised for the first time in a post-conviction proceeding. Tenn. Code Ann. § 40-30-112(b) (1990) (repealed 1995); *House v. State,* 911 S.W.2d 705, 714 (Tenn. 1995) ("Waiver in the post-conviction context is to be determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney."). The double jeopardy claim is waived.

Regarding the trial error and ineffective assistance of counsel claims relative to the failure to instruct the jury on second degree murder, the post-conviction court correctly ruled that second degree murder was not recognized as a lesser included offense of felony murder at the time the petitioner's case was tried, *see, e.g., State v. Gilliam,* 901 S.W.2d 385, 390-91 (Tenn. Crim. App. 1995) (adjudicating a 1990 offense and holding that second degree murder is not a lesser included offense of felony murder), and that the case law later establishing second degree murder as a lesser included offense was not retroactive to affect the petitioner's case. *See State v. Ely*, 48 S.W.3d 710, 718-22 (Tenn. 2001) (relying upon *State v. Burns*, 6 S.W.3d 453, 464 (Tenn. 1999), in establishing second degree murder as a lesser included offense of first degree felony murder); *Anthony Hodges v. State,* M2001-03068-CCA-R3-PC (Tenn. Crim. App., Nashville, Dec. 4, 2002), *perm. app. pending* (Tenn. 2003). ("*Burns* does not offer a constitutional claim for relief cognizant within a post-conviction proceeding where the defendant's direct appeal was concluded prior to the filing of *Burns*."). We agree that there was no trial error in omitting an instruction on second degree murder.

The post-conviction court, however, did not *per se* rule upon the petitioner's claim that his trial counsel was ineffective in not demanding an instruction on second degree murder. That

notwithstanding, the tenor of the post-conviction court's order is dispositive of the ineffective assistance claim. For purposes of assuring a criminal defendant his constitutional right to effective representation of counsel, counsel's performance must dwell "within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland v. Washington*, 466 U.S. 668, 678-79, 104 S. Ct. 2052, 2064-69 (1984). We conclude that the standard for counsel's performance was met when counsel acceded to the existing law that second degree murder was not, at the time of the petitioner's trial, recognized as a lesser included offense of felony murder. *State v. Benny Wallace*, No. 86-208-III (Tenn. Crim. App., Nashville, Aug. 26, 1987) ("[A]ttorneys may not be said to be ineffective for not anticipating rulings that change or alter existing law."), *perm. app. denied* (Tenn. 1987).

For these reasons, the denial of post-conviction relief is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE