IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 27, 2012

## TIMMY CHARLES McDANIEL v. DAVID SEXTON, WARDEN

**Appeal from the Criminal Court for Hamilton County**
**No. 284268     Don W. Poole, Judge**

---

**No. E2012-01443-CCA-R3-HC - Filed March 25, 2013**

---

The Petitioner, Timmy Charles McDaniel, appeals the Hamilton County Criminal Court's summary dismissal of his pro se petition for habeas corpus relief from his convictions for first degree felony murder and especially aggravated burglary. On appeal, the Petitioner alleges that his convictions are void because (1) his indictment failed to state that the Grand Jurors issuing the indictment were from the county in which the offenses occurred, (2) his convictions violate the principles of double jeopardy, and (3) his dual convictions for felony murder and especially aggravated burglary violate Tennessee Code Annotated section 39-14-404(d) (2010). Upon review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Timmy Charles McDaniel, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel; and William H. Cox, III, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background.** On August 24, 2005, the Petitioner pled guilty to first degree felony murder and especially aggravated burglary. At the guilty plea hearing, the State summarized the facts of this case, which were recounted by this court in its opinion on the Petitioner's post-conviction appeal:

> [T]he State's proof would have shown that on the 9th of December 2002, Mary Lou Wojcik's neighbor, at the request of her sister, went to check on Mary Lou at her residence in Mountain Shadows. And when she arrived

at the residence, she found that the door had been pried open, standing partially open. She entered to investigate and found the victim's partially nude body lying in the bathroom with severe injuries, blood all over the place. . . .

It turns out that the victim . . . apparently . . . laid [sic] dead in her home for approximately 24 to 30 hours before she was discovered by the neighbor . . . . [D]uring the course of the investigation, [the Hamilton County Sheriff's Department] learned that a pickup truck had been in the area on that particular night, had been described as having a wooden bed in it, and that was a lead. Eventually, they followed that lead and developed [the defendant] as a suspect.

[The defendant] was an ex-boyfriend to the daughter of [the victim] and apparently he and some of his buddies had come up from Tunnel Hill, Georgia, on the night of this murder, he having the intent to burglarize this house belonging to [the victim]. He . . . broke into [the house] with a crowbar that he'd brought to the scene, entered the house, found the victim in the bathroom [and] slashed her throat with a knife.

After she fell to the floor, our proof would demonstrate that he stomped on her, breaking bones inside her body, breaking her sternum, continued to inflict injuries, knife injuries on the victim, slashing her throat. Again, we would show that there were two slash wounds to her throat approximately three and a half inches deep, practically cutting off her head. Also, she had stab wounds to her abdomen area. . . .

Fortunately, the police were able to locate . . . palm prints and fingerprints that subsequently turned out to belong to the defendant in this case.

. . . . [The defendant] went back to Tunnel Hill after the murder, buried the murder weapon . . . , burned his clothing and then took off to Florida and spent some time there.

Later, he c[a]me back to Tunnel Hill . . . where law enforcement officers in that jurisdiction . . . located him at this residence. The first thing he said to them when they walked in is I know why you're here, because of the woman that I killed.

They brought him back . . . to Chattanooga . . . where he gave an extensive . . . confession as to the facts. . . .

-2-

The aggravating factor in this case . . . was the injuries inflicted to the victim that were far in excess of what was required to produce death, the heinous nature of this killing. The defendant, by his own admission, abused the victim's body sexually after having slashed her numerous times, cut her throat, digital penetration. For those facts . . . we sought the [death penalty] in this case.

Timmy Charles McDaniel v. State, No. E2007-00113-CCA-R3-PC, 2007 WL 3332855, at *1-2 (Tenn. Crim. App. Nov. 9, 2007), perm. app. denied (Tenn. Feb. 25, 2008). The trial court sentenced the Petitioner, pursuant to his plea agreement, to concurrent sentences of life without the possibility of parole and twelve years, respectively. Id. at *1.

On May 10, 2006, the Petitioner filed a pro se petition for post-conviction relief, "alleging that he did not knowingly and voluntarily plead guilty, that his arrest was unlawful, that his statement to police was not voluntarily given, that the prosecution failed to disclose exculpatory evidence, that he was denied the effective assistance of counsel, and that he was mentally incompetent to enter his pleas." Id. The post-conviction court, after appointing counsel and conducting an evidentiary hearing, denied relief. Id. at *1-3. On the post-conviction appeal, the Petitioner argued that "he did not knowingly, voluntarily, and intelligently plead guilty because he was unaware of the consequences of his pleas and because he was 'tired and stressed' at the time he agreed to plead guilty." Id. at *3. This court affirmed the denial, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. Id. at *4.

On June 14, 2012, the Petitioner filed the instant pro se petition for writ of habeas corpus in the Hamilton County Criminal Court. In it, he alleged that his convictions for first degree felony murder and especially aggravated burglary were void because (1) his indictment failed to state that the Grand Jurors issuing the indictment were from Hamilton County, the county in which the offenses were committed, and (2) his convictions for both felony murder and the underlying felony violated the principles of double jeopardy. The Petitioner also asserted that he filed his petition for habeas corpus relief in the Hamilton County Criminal Court, the court of conviction, because that court "ha[d] possession of the records pertaining to the unlawful conviction, as to providing a sufficient reason for this court to exercise jurisdiction despite T.C.A. § 29-21-105[.]" On June 25, 2012, the court summarily dismissed the habeas corpus petition, finding that the Petitioner had not filed his petition in the proper court and that even if the petitioner had filed the petition in the correct court, he failed to present any cognizable claims for habeas corpus relief. On July 9, 2012, the Petitioner filed a timely notice of appeal.

**ANALYSIS**

On appeal, the Petitioner alleges that his convictions are void because his indictment failed to state that the Grand Jurors issuing the indictment were from the county in which the offenses occurred, because his convictions violate the principles of double jeopardy, and because his dual convictions for felony murder and especially aggravated burglary violate Tennessee Code Annotated section 39-14-404(d) of the especially aggravated burglary statute. The State responds that the Petitioner failed to file his petition in the proper court and failed to establish that his judgments are void. Upon review, we conclude that the summary dismissal of the habeas corpus petition was proper.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130 (2012). The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64)). However, as the Tennessee Supreme Court stated in Hickman v. State:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see Summers, 212 S.W.3d at 256 (citation omitted). Moreover, it is the petitioner's burden to

demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259 (citations omitted). Tennessee Code Annotated section 29-21-107(a) (2012) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>
> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b) (2012). Also, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Id. § 29-21-105 (2012); see Davis v. State, 261 S.W.3d 16, 21 (Tenn. Crim. App. 2008) ("[I]f a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient."). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

On appeal, the Petitioner claims he argued in his petition that "he was convicted and sentenced in violation of the double jeopardy principles [which] creates a situation of an illegal sentence in accordance with the Davis ruling." He also claims he asserted not only "that the trial court possess[es] the relevant records" but also that it "retains the authority to re-indict appellant under the proper grand jury and or in the alternative, modify appellant's sentence" given that "the trial court was without jurisdiction to convict and sentence appellant for both felony murder and especially aggravated burglary." In support of these claims, he argues that the convicting court "can reverse the appellant's conviction and allow appellant to enter a new plea as this would be a convenience to the appellant and the court." Our review of the petition shows that the only reason the Petitioner gave for filing his petition in Hamilton County was that the court had "possession of the records pertaining to the unlawful conviction." Accordingly, we must evaluate whether the habeas corpus court properly determined that this was an insufficient reason for filing the petition in Hamilton County Criminal Court.

In Davis, the Petitioner filed a petition for habeas corpus relief alleging that his sentence was illegal because he was denied pretrial jail credits. Davis, 261 S.W.3d at 17. Following the summary dismissal of his petition, he appealed, arguing that a sufficient reason under code section 29-21-105 to file a habeas corpus petition in the convicting court rather than the court closest in point of distance to a petitioner was that the convicting court possessed relevant records relating to his sentence and retained the authority to correct an illegal sentence at any point in time. Id. at 21. In considering this issue, the Davis court specifically quoted the court's holding in Donald Ree Jones:

> "Procedurally, the defendant seeking habeas corpus relief should apply
> to the court most convenient in distance unless a sufficient reason exists to
> apply elsewhere. Tenn. Code Ann. § 29-21-105. We note that the convicting
> court possesses all of the records relevant to a defendant's sentence. Also, the
> issue relates to a void sentence, which the convicting court can correct at any
> time, not a void conviction in terms of the verdict of guilt. We believe these

circumstances provide a sufficient reason for a defendant striving to correct an illegal sentence to file his habeas corpus petition in the convicting court."

Id. (quoting State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012, at *2 (Tenn. Crim. App. Oct. 13, 2000). The Davis court then held:

[W]hen a habeas corpus petitioner asserts that his sentence is illegal, the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime is a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance.

Id. at 22 (citing Donald Ree Jones, 2000 WL 1520012, at *2; State v. Burkhart, 566 S.W.2d 871, 873 (Tenn.1978)).

In the instant case, the Petitioner does not allege that his sentence is illegal; instead, he asserts that his convictions are void because of an improper indictment, because his convictions violate the principles of double jeopardy, and because his dual convictions for felony murder and especially aggravated burglary violate the especially aggravated burglary statute. Accordingly, we agree with the State that the Petitioner failed to show how any of the records in Hamilton County were necessary in his particular case. We also agree that the Petitioner attached the relevant indictment and judgments, thereby making the filing of the petition in Hamilton County unnecessary. Upon review, we conclude that the habeas corpus court's summary dismissal of the petition was proper, given that the Petitioner failed to provide a sufficient reason for filing his petition in the Hamilton County Criminal Court. See id. § 29-21-105; Davis, 261 S.W.3d at 21; James M. Grant v. State, No. M2006-01368-CCA-R3-HC, 2006 WL 2805208, at *3 (Tenn. Crim. App. Oct. 2, 2006) (holding that the Petitioner's failure to comply with code section 29-21-105 "alone is an adequate basis for the trial court to dismiss his petition"). Notwithstanding the Petitioner's failure to follow the requirement in code section 29-21-105, we conclude that the habeas corpus court properly dismissed the petition in this case because it failed to state a cognizable claim for habeas corpus relief.

First, the Petitioner alleges that his convictions are void because his indictment failed to state the that Grand Jurors issuing the indictment were from the county in which the offenses occurred. Here, the indictment for the pertinent charges stated the following:

**STATE OF TENNESSEE, HAMILTON COUNTY**
**Criminal Court**

THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:

That Timmy Charles McDaniel, alias Tim C. McDaniels heretofore on December 8, 2002, in the County aforesaid, did unlawfully kill Mary Lou Wojcik during the perpetration of Burglary, in violation of Tennessee Code Annotated 39-13-202, against the peace and dignity of the State.

. . . .

THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:

That Timmy Charles McDaniel, alias Tim C. McDaniels heretofore on December 8, 2002, in the County aforesaid, did unlawfully enter the habitation of Mary Lou Wojcik without her effective consent, with intent to commit Theft, and did cause serious bodily injury to Mary Lou Wojcik, in violation of Tennessee Code Annotated 39-14-404, against the peace and dignity of the State.

Typically, a challenge to the sufficiency of an indictment should not be raised in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971) (citations omitted). However, "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529. In addition, pursuant to Tennessee Code Annotated section 40-13-202, the indictment must

state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner so as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. . . .

T.C.A. § 40-13-202 (2012). The Petitioner complains that the indictment failed to state that the Grand Jurors were from the county in which the offenses occurred. However, the language of the indictment shows that the Grand Jurors were from Hamilton County, where the offenses in this case took place. We agree with the habeas corpus court's determination that this was not a cognizable claim for habeas corpus relief.

Second, the Petitioner alleges that his convictions violate the principles of double jeopardy based on his mistaken impression that Tennessee law precludes a conviction for both first degree felony murder and the underlying felony. See Briggs v. State, 573 S.W.2d 157, 159 (Tenn. 1978) (holding "that dual convictions of felony-murder and the underlying felony are offensive to the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States and Article 1, Section 10 of the Constitution of the State of Tennessee and may not stand"), overruled by State v. Blackburn, 694 S.W.2d 934, 937 (Tenn. 1985) (concluding that dual convictions for felony murder and the underlying felony do not violate double jeopardy principles). Although Briggs was once the law in Tennessee, this position was abandoned in Blackburn, which governs this case. See Blackburn, 694 S.W.2d at 937. Here, the habeas corpus court noted that double jeopardy principles do not "preclude convictions for . . . felony murder and the underlying felony[.]" It then held that the Petitioner's claim was not a cognizable claim for habeas corpus relief. We agree with the habeas corpus court. See Summers, 212 S.W.3d at 261 (stating that "the habeas corpus statutes are for the purpose of challenging a void judgment" while "a post-conviction petition may challenge a conviction or sentence that is alleged to be void or voidable because of the abridgement of constitutional rights"); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (reiterating that constitutional challenges to convictions should be made in a post-conviction proceeding, rather than a habeas corpus proceeding); Ricky Lynn Hill v. Tony Parker, Warden, No. W2010-01423-CCA-R3-HC, 2011 WL 287343, at *4 (Tenn. Crim. App. Jan. 24, 2011) (stating that a claim of double jeopardy renders a judgment voidable, not void); Bobby James Mosley v. Wayne Brandon, Warden, No. M2006-02398-CCA-R3-HC, 2007 WL 1774309, at *5 (Tenn. Crim. App. June 20, 2007) (reiterating that a claim of double jeopardy is not a cognizable claim for habeas corpus relief); Ralph Phillip Claypole, Jr. v. State, No. M1999-02591-CCA-R3-PC, 2001 WL 523367, at *2 (Tenn. Crim. App. May 16, 2001) (stating that the petitioner's claim of double jeopardy, if true, would render the convictions "voidable, not void."). The Petitioner is not entitled to relief on this issue.

Third, the Petitioner argues on appeal, though not in his petition for writ of habeas corpus, that his convictions for first degree felony murder and especially aggravated burglary violate Tennessee Code Annotated section 39-14-404(d) of the especially aggravated burglary statute, which states, "Acts which constitute an offense under this section may be prosecuted under this section or any other applicable section, but not both." Initially, we conclude that the Petitioner has waived this issue because he failed to raise it in his petition for writ of habeas corpus. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court."); James Leon Parker v. David R. Sexton, Warden, No. E2011-01472-CCA-R3-HC, 2012 WL 32116, at *4 (Tenn. Crim. App. Jan. 6, 2012) (concluding that the petitioner waived an issue on appeal by failing to raise it in his petition for habeas corpus relief); Bobby Lee v. Stephen Dotson, Warden, No. W2007-02584-CCA-R3-HC, 2009 WL 482532, at *2 (Tenn. Crim. App. Feb.

24, 2009) (holding that "[i]ssues that were not presented to the habeas court will not be considered for the first time on appeal.").

Waiver notwithstanding, this issue is not a cognizable claim for habeas corpus relief. "Subsection (d) [of code section 39-14-404] prohibits using the same act to prosecute for especially aggravated burglary and another offense." State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993) (concluding code section § 39-14-404(d) precluded convictions for especially aggravated burglary and aggravated rape when serious bodily injury was an element of both crimes and modifying the especially aggravated burglary conviction to an aggravated burglary conviction). In other words, code section 39-14-404(d) expresses the General Assembly's intent "to preclude multiple punishment" for double jeopardy purposes for acts constituting the offense of especially aggravated burglary. State v. Watkins, 362 S.W.3d 530, 556 & n.44 (Tenn. 2012). Because the Petitioner's claim regarding code section 39-14-404(d) is essentially a double jeopardy claim, he is not entitled to habeas corpus relief. See Summers, 212 S.W.3d at 261; Luttrell, 644 S.W.2d at 409; Ricky Lynn Hill, 2011 WL 287343, at *4; Bobby James Mosley, 2007 WL 1774309, at *5; Ralph Phillip Claypole, Jr., 2001 WL 523367, at *2.

## CONCLUSION

Upon review, we affirm the summary dismissal of the habeas corpus petition.

_____
CAMILLE R. McMULLEN, JUDGE

-10-