
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2017

## TIMOTHY LEE ARMSTRONG v. TAMMY FORD, WARDEN

**Appeal from the Circuit Court for Hardeman County
No. CC-16-CR-60   Joe H. Walker, III, Judge**

_____

### No. W2016-00891-CCA-R3-HC

_____

The Petitioner, Timothy Lee Armstrong, appeals the summary dismissal of his petition for writ of habeas corpus in which he challenged his 1994 convictions for felony murder and especially aggravated robbery and his effective sentence of life imprisonment. After a thorough review of the record and applicable law, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Timothy Lee Armstrong, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; and D. Mike Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

A grand jury indicted the Petitioner for felony murder during the perpetration of especially aggravated robbery, premeditated first degree murder, and especially aggravated robbery. The indictment for especially aggravated robbery alleged that the Petitioner

did unlawfully, intentionally, knowingly, violently obtain from the person of Theresa Patterson, personal property of value (under $500), by use of a deadly weapon, namely, an iron skillet and a butcher knife, a more exact description thereof being unknown to the Grand Jurors with the intent to deprive Theresa Patterson, of her personal property without her effective consent, resulting in death to Theresa Patterson ….

On May 16, 1994, the Petitioner pled guilty to felony murder and especially aggravated robbery. The trial court sentenced the Petitioner to life in prison for the felony murder conviction and twenty-two years for the especially aggravated robbery conviction, ordering the sentences to be served concurrently.

On April 7, 2016, the Petitioner filed a petition for writ of habeas corpus, arguing that double jeopardy protections bar his convictions of felony murder and especially aggravated robbery because the especially aggravated robbery conviction "requires the same facts to prove the same elements as" the felony murder conviction. He also argued that trial counsel was ineffective for allowing him to plead guilty to charges from "a facially defective indictment." The habeas corpus court dismissed the petition, finding that the Petitioner's sentences were not expired and that the trial court had the authority to sentence him. The Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues that his convictions are a "violation of his right to due process and protection against double jeopardy." He also argues, for the first time on appeal, that the especially aggravated robbery indictment charge is facially defective because it is ambiguous and "because it alleges two distinct and separate offenses in the same count."

"The determination of whether habeas corpus relief should be granted is a question of law." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). This court reviews the dismissal of a habeas corpus petition de novo with no presumption of correctness given to the conclusions of the habeas corpus court. *Id.* (citing *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

Article I, section 15 of the Tennessee Constitution guarantees a prisoner the right to seek habeas corpus relief. However, the grounds for the writ are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."

*Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment "is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Id.*

The burden is on the petitioner "to show by a preponderance of the evidence that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. T.C.A. § 29-21-109; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

First, the Petitioner claims that the indictments violated the prohibitions against double jeopardy. Such an allegation would render a conviction merely voidable, not void, and as such is not a proper basis of habeas corpus relief. *Vincent Love Williams v. Henry Steward, Warden*, No. W2011-01954-CCA-R3-HC, 2012 WL 2308094, at *3 (Tenn. Crim. App. June 18, 2012); *see also Anthony Bowen v. Howard Carlton, Warden*, No. E2007-01845-CCA-R3-HC, 2008 WL 450630, at *3 (Tenn. Crim. App. Feb. 20, 2008) (concluding that claim that indictments were multiplicitous was not cognizable in action for habeas corpus relief). Even if the Petitioner's claim were cognizable in a habeas corpus proceeding, "a defendant can be tried and convicted for first degree felony murder and the underlying felony in a single trial without violating the constitutional prohibitions against double jeopardy." *State v. Godsey*, 60 S.W.3d 759, 777 (Tenn. 2001) (citing *State v. Blackburn*, 694 S.W.2d 934, 936-37 (Tenn. 1985)).

Next, the Petitioner further challenges the trial court's denial of the petition based on the adequacy of the indictment, arguing that the indictment is ambiguous and "because it alleges two distinct and separate offenses in the same count." Although the Petitioner raised an ineffective assistance of counsel claim in his petition based on defectiveness of the indictment, the Petitioner raises for the first time on appeal the validity of the indictment itself. Issues raised for the first time on appeal are ordinarily considered waived. *State v. Alvarado,* 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996); *see* Tenn. R. App. P. 36(a). Regardless of waiver, the Petitioner is not entitled to relief.

Under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 9 of the Tennessee Constitution, the accused has the right to be

informed of the nature and cause of the accusation. Statutory mandate further requires that the indictment

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

T.C.A. § 40-13-202. Generally, an indictment is valid if it provides information sufficient: (1) to enable the accused to know the offense charged; (2) to furnish the court adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. *Wyatt*, 24 S.W.3d at 323; *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). While challenges to a defective indictment are generally waived unless raised prior to trial, Tenn. R. Crim. P. 12(b)(2)(B), "an indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including in a habeas corpus petition." *Wyatt*, 24 S.W.3d at 323. The indictment in question stated the date, the victim, and act which constituted the crime, specifically referring to the statutory provisions the Petitioner violated. "[S]pecific reference to a statute within the indictment may be sufficient to place the accused on notice of the charged offense." *State v. Sledge*, 15 S.W.3d 93, 95 (Tenn. 2000).

Moreover, the listing of multiple deadly weapons and the language stating that the deadly weapon is unknown does not render the indictment defective. *State v. Hammonds*, 30 S.W.3d 294, 298 (Tenn. 2000) (failure to specify which theory of aggravated assault the State was relying upon did not render the indictment insufficient); *State v. James Taylor, Jr.*, No. W2006-02085-CCA-R3-CD, 2007 WL 3391433, at *5 (Tenn. Crim. App. Nov. 14, 2007) (indictment was sufficient even though "it did not allege the type of deadly weapon used by the defendant"); *Joe Clark Mitchell v. State*, No. M2002-03011-CCA-R3-CO, 2003 WL 22243287, at *3 (Tenn. Crim. App. Sept. 30, 2003) (the indictment listed only a knife in its charges of armed robbery, aggravated kidnapping, and aggravated rape; whereas, the proof at trial showed multiple weapons were used in the perpetration of the crimes. The court held that "[a]ny alleged variance between the wording of the indictment and the proof at trial was not fatal."). We conclude that the indictment was not defective.

**CONCLUSION**

Based upon the foregoing, we affirm the judgment of the habeas corpus court.

- 4 -

_____
JOHN EVERETT WILLIAMS, JUDGE