IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. LAVONTA LAVER CHURCHWELL

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-260      Jennifer Smith, Judge**

———————————————————

**No. M2019-01673-CCA-R3-CD**

———————————————————

The Appellant, Lavonta Laver Churchwell, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ. joined.

Lavonta Laver Churchwell, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

In 2009, the Appellant was indicted on two counts of first degree premeditated murder, two counts of first degree felony murder, and two counts of especially aggravated robbery. He was convicted of two counts of felony murder, two counts of especially aggravated robbery, and two counts of criminally negligent homicide. The trial court merged the Appellant's convictions for criminally negligent homicide into his felony murder convictions. The Appellant was sentenced to an effective life sentence with all sentences running concurrently. This Court affirmed the convictions and sentences on direct appeal. *State v. Lavonta Laver Churchwell*, No. M2011-00950-CCA-R3-CD, 2013 WL 430118 (Tenn. Crim. App. Feb. 4, 2013). The Appellant was unsuccessful in his subsequent pursuit of post-conviction relief. *Lavonta Laver Churchwell v. State*, No. M2015-01567-CCA-R3-PC, 2016 WL 5253203 (Tenn. Crim.

App. Sep. 21, 2016). In July 2019, the Appellant filed a motion to correct an illegal sentence. Tenn. R. Crim. P. 36.1. The trial court summarily denied relief. The Appellant now appeals. In response to the filing of the record on appeal and the Appellant's brief, the State has filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). That court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

Citing the applicable authority discussed above, the trial court ruled as follows on the Appellant's motion:

> Defendant now seeks relief pursuant to Rule 36.1. But his motion does not challenge the legality of his sentences but trial errors that could have been raised on direct appeal. He requests that this court vacate or correct his sentence because: (1) the Court committed "plain error" and violated Defendant's right to a fair and impartial trial by jury by allowing the [S]tate to introduce personal details about the victim; (2) the prosecutor's repeated reference to gang affiliation violated the sentencing statute, which forbade the use of gang enhancements for some offenses; (3) Defendant was improperly sentenced on both a lesser-included offense and the greater offense; and (4) double jeopardy and due process prohibit the use of the element of "bodily injury" to prove both especially aggravated

- 2 -

robbery and felony murder. Rule 36.1 provides no avenue for the relief on any of the Defendant's claims.

. . .

First, the Defendant's claims that this Court violated his right to a fair and impartial trial and his rights under the sentencing statute address evidentiary concerns, not the legality of his sentence. Second, Defendant's claim that he was improperly sentenced on a greater and lesser-included offense address the validity of his convictions, not the legality of his sentences. And beyond that, he is simply mistaken. "It is well settled in Tennessee that, under certain circumstances, two convictions or dual guilty verdicts must merge into a single conviction to avoid double jeopardy implications. For example, merger is required when a jury returns verdicts of guilt on two offenses and one of the guilty verdicts is a lesser-included offense of the other offense." *State v. Berry*, 503 S.W.3d 360, 362 (Tenn. 2015) (citing *State v. Davis*, 466 S.W.3d 49, 77 (Tenn. 2015)). The judgment in Defendant's case reflects that the Court merged his dual convictions for felony murder and criminally negligent homicide as required by *Berry*. Third, Defendant's double jeopardy and due process claims related to the use of the same element of "bodily injury" to prove both especially aggravated robbery and felony murder are trial errors that could have been raised on direct appeal. The claims are also meritless. A conviction for felony murder and the underlying felony of especially aggravated robbery does not violate double jeopardy principles or due process. *State v. John Robert Tory*, No. 03C01-9306-CR-00202, 1994 WL 398808 (Tenn. Crim. App. Aug. 3, 1994) (perm. app. denied) (citing *State v. Blackburn*, 694 S.W.2d 934 (Tenn. 1985)).

In short, Defendant does not claim that the sentences imposed by this Court were not authorized by the applicable statutes or that they directly contravene an applicable statute. And even if he articulated such a claim, he would not prevail. Life imprisonment - Defendant's sentence on each of his two felony murder convictions - is a statutorily authorized sentence for first-degree murder. Especially aggravated robbery, a Class A felony, carries a sentence range of fifteen to sixty years in prison. Defendant's twenty-year sentences for especially aggravated robbery are plainly within that range. Defendant's sentence is entirely consistent with the Criminal Sentencing Act.

The trial court did not err in denying the Appellant's motion. The Appellant received a statutorily authorized sentence of life imprisonment for his first degree murder

convictions.  Tenn. Code Ann. § 39-13-202(c).  As to the two especially aggravated robbery convictions, a Class A felony, the statutory maximum is sixty years, and a Range I sentence for the offense is fifteen to twenty-five years.  Tenn. Code Ann. §§ 40-35-111(b)(1) and 112(a)(1).  The Appellant was sentenced to twenty years for each especially aggravated robbery conviction.  Accordingly, as the trial court correctly held, the Appellant's sentences were authorized by the applicable statutory scheme.  Moreover, as the trial court also correctly held, Rule 36.1 provides no avenue for relief on any of the Appellant's claims because they present appealable, not fatal, errors.  The Appellant also raises other claims for the first time on appeal.  Issues raised for the first time on appeal are considered waived, however.  *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996).

In light of the discussion above, the trial court did not err in denying relief to the Appellant.  The ruling of the trial court is, therefore, affirmed pursuant to Court of Criminal Appeals Rule 20.

Judge Robert L. Holloway, Jr.