IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**ROOSEVELT BIGBEE, JR. v. JONATHAN LEBO, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 7138     Joe H. Walker III, Judge**

_____

**No. W2020-00510-CCA-R3-HC**

_____

The Petitioner, Roosevelt Bigbee, Jr., appeals the denial of his petition for writ of habeas corpus. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Roosevelt Bigbee, Jr., Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia Lee, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1990, the Petitioner was convicted by a Montgomery County jury of one count of first degree felony murder and one count of robbery with a deadly weapon. The Petitioner received consecutive sentences of life and eleven years, respectively.[1] The Petitioner's convictions were upheld on direct appeal. *State v. Roosevelt Bigbee*, No. 01C01-9106-CC-00173, 1992 WL 75849 (Tenn. Crim. App. Apr. 16, 1992).

In December 2015, the Petitioner filed his first petition for writ of habeas corpus in the Wayne County Circuit Court. The Petitioner alleged that the counts of the indictment

---

[1] The Petitioner was also convicted of felony murder in Sumner County and eventually received a life sentence to be served consecutively to the sentence in this case. *See Roosevelt Bigbee, Jr. v. Jonathan Lebo, Warden*, No. W2019-00051-CCA-R3-HC, 2019 WL 3814830, at *1 (Tenn. Crim. App. Aug. 14, 2019), *perm. app. denied* (Tenn. Dec. 10, 2019).

charging him with felony murder during the perpetration of a robbery and robbery with a deadly weapon violated the constitutional protection against double jeopardy and, thus, the indictment was void on its face. The petition was summarily dismissed. On appeal, this Court affirmed the dismissal of the petition, holding that "[t]he Petitioner failed to establish a double jeopardy violation and, therefore, is not entitled to relief." *Roosevelt Bigbee, Jr., v. Cherry Lindamood, Warden*, No. M2016-00440-CCA-R3-HC, 2016 WL 6956811, at *2 (Tenn. Crim. App. Nov. 29, 2016), *perm. app. denied* (Tenn. Feb. 15, 2017).

On February 19, 2020, the Petitioner filed a second petition for writ of habeas corpus in the Lauderdale County Circuit Court, which is the subject of this appeal. The Petitioner again alleged that his indictments were void because they violated the constitutional protection against double jeopardy. The petition was summarily dismissed on March 16, 2020. The Petitioner filed a timely notice of appeal.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the defendant is still imprisoned despite the expiration of his sentence. *Id*.; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id*. at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*.

The petitioner bears the burden of showing by a preponderance of the evidence that the judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, if the habeas corpus court determines that there is nothing on the face of the judgment to indicate that it is void, the court may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing. *Summers*, 212 S.W.3d at 261; T.C.A. § 29-21-109. Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

On appeal, the Petitioner argues that his indictments violate the constitutional protection against double jeopardy because the indictment for felony murder includes language from the robbery statute, which is a lesser-included offense of robbery with a

deadly weapon as charged in the third count of the indictment. However, as stated in this Court's previous opinion, "Although the indictment cited to the robbery statute in clarifying the underlying felony and did not cite to the felony murder statute, the language in the remainder of the count makes clear that the Petitioner was indicted for felony murder." *Roosevelt Bigbee, Jr.*, 2016 WL 6956811, at *2. Thus, the two counts of the indictment charged the Petitioner with two separate and distinct offenses, namely the killing of the victim in Count 2 and the stealing of her property in Count 3. Our Supreme Court has held that double jeopardy principles permit convictions of both felony murder and the underlying felony. *See, e.g., State v. Blackburn*, 694 S.W.2d 934, 936-37 (Tenn. 1985) (opining "that the legislature intended that multiple punishments be imposed on conviction of a defendant for felony murder and for the underlying felony"). The judgments in this case do not violate the constitutional protection against double jeopardy and are not void. Therefore, the Petitioner is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. MCMULLEN, JUDGE